# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RICHARD K. JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 04-0577-CV-W-ODS-P |
| ) | |
| BUREAU OF PRISONS, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the Bureau of Prisons ("BOP") calculation of his sentence. Petitioner alleges that the BOP erred when it applied petitioner's credit for time spent in pre-trial detention to his state sentence, rather than his federal sentence, in violation of 18 U.S.C. § 3585(b),

Respondent contends that petitioner's claims are without merit because petitioner's time spent in pre-trial detention was properly credited toward petitioner's state sentence and that petitioner is not entitled to a "double credit." Respondent also contends that petitioner's constitutional rights were not violated when the BOP recalculated petitioner's credit after he was sentenced at the state level.

**SUMMARY OF FACTS**

On July 20, 2000, petitioner was arrested by the Missouri Highway Patrol after a search of his car revealed that petitioner, a convicted felon, was in possession of several guns. On August 29, 2000, petitioner was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum. On November 14, 2000, petitioner entered a guilty plea in federal court for the

-1-

offense of felon in possession of a firearm, and on July 2, 2001, petitioner was sentenced to sixty-three months for the federal offense. On November 7, 2001, petitioner was sentenced to ten years by the state court. The record reflects that on January 18, 2002, petitioner received a letter from the U.S. Marshal indicating that the release date for his federal sentence would be February 14, 2005. (Attachment to Petition at 1). On July 15, 2002, petitioner received a second letter from the U.S. Marshal indicating that petitioner's release date had been amended and was now January 27, 2006. (Attachment to Petition at 2).

## **LEGAL ANALYSIS**

Pursuant to 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that *has not been credited against another sentence*.

(emphasis added). According to the United States Court of Appeals for the Eighth Circuit, "a state prisoner who is also on detainer for federal violations should not receive credit on his federal sentence when he was given credit on the state sentence for the same period of time." McIntyre v. United States, 508 F.2d 403 (8th Cir. 1975) (denying petitioner's request for a credit where his state sentence was credited for the time petitioner spent in federal custody pursuant to a writ of habeas corpus ad prosequendum); United States v. Derengowski, 457 F.2d 812 (8th Cir. 1972) (holding that appellant was not entitled to any credit where his time spent in federal custody was pursuant to a writ of habeas corpus ad prosequendum and where his state sentence had already been credited).

-2-

The rationale behind this rule is that those who are held by federal authorities pursuant to a writ of habeas corpus ad prosequendum are not considered to be "in custody" within the meaning of 18 U.S.C. § 3585.  See Schmanke v. United States Bureau of Prisons, 847 F.Supp. 134, 138 (D. Minn. 1994).  This rule prevents State prisoners who are "on loan" to federal authorities from getting a double credit on both their federal and state sentences for time spent in pre-trial detention.  Id.

Petitioner admits that his state sentence has been credited for the time he spent in federal custody pursuant to the writ of habeas corpus ad prosequendum.  ("Memorandum in Support of Petitioner's Writ of Habeas Corpus," at 3).  Therefore, Section 3585 does not apply, and petitioner is not entitled to a credit on his federal sentence because the time he spent in federal custody has already been credited towards his state sentence.

Accordingly, it is **ORDERED** that this petition for writ of habeas corpus is denied, and this case is dismissed with prejudice.

/s/ Ortrie D. Smith
ORTRIE D. SMITH
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: May 31, 2005